IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

---

NOAH J MCCOURT

*Plaintiff,*                         CIVIL COMPLAINT

v.                                   **DEMAND FOR JURY TRIAL**

MINNESOTA COUNTY ATTORNEY'S

ASSOCIATION

*Defendant.*

---

**COMPLAINT FOR PERMANENT INJUNCTION REQUIRING CHANGES TO**

**ORGANIZATIONAL POLICY AND THE ELIMINATION OF DIGITAL ACCESS BARRIERS**

**PURSUANT TO 42 USC § 12188 (a) (2)**

Noah J McCourt, ("Plaintiff") seeks a permanent injunction requiring a change in the policies of the Minnesota County Attorney's Association. ("Defendant") to cause Defendant's websites to become, and remain, accessible and in support thereof asserts as follows:

**INTRODUCTION**

1. Plaintiff Noah J McCourt brings this action against Defendant and asserts that its websites are not accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"). Plaintiff seeks a permanent injunction to cause a change in Defendant's policies related to its web based technologies so that Defendant's websites will become, and will remain, accessible. The website at issue is : https://mcaa-mn.org/

2. While the increasing pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor disabilities, website

SCANNED
JUN 04 2019
U.S. DISTRICT COURT MPLS

a) that Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its Websites so that they comply with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");

b) that Defendant work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

c) that Defendant work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's Websites continue to comply with WCAG 2.0 AA on an ongoing basis;

d) that Defendant work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Websites continue to comply with WCAG 2.0 AA on an ongoing basis; and,

e) that Defendant work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Websites, along with an e-mail address and toll free phone number to report accessibility-related problems.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 § 12188

8. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

14. The international website standards organization, W3C, has published WCAG 2.0 AA. WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

15. Through its Website, Defendant offers information services and advocacy support, Defendant's Website also announces public events and legislative priorities and the opportunity to review updates and perform a variety of other functions.

16. Plaintiff is diagnosed with Autism Spectrum Disorder, Developmental Coordination Disorder and experiences challenges with executive functioning and fine and gross motor skills. The Plaintiff relies on being able to navigate a website without a mouse in order to access the Internet and view website content.

17. Despite several attempts to navigate https://mcaa-mn.org/, Plaintiff has been denied the full use and enjoyment of the information, activities and services available on https://mcaa-mn.org/ as a result of access barriers on the site.

18. The barriers at https://mcaa-mn.org/ have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's website.

19. If https://mcaa-mn.org/ were accessible, Plaintiff would have access to and full use of the information, activities and services on the Defendant's website.

20. Defendant has never had a plan or policy that is reasonably calculated to make its Websites fully accessible to, and independently usable by, individuals with disabilities.

22. Without injunctive relief, Plaintiff and other disabled individuals will continue to be unable to independently use http://~~[struck through]~~ [handwritten: MCAA-MN.org] in violation of their rights under the ADA.

modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); see also 28 C.F.R. § 36.303(a).

29. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making online materials available to individuals with disabilties." 28 C.F.R. § 36.303(b).

30. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who has a disability that substantially limits major life activities within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to http://~~████████████~~ [MCAA – MN.org] He has not been provided services that are provided to others who are not disabled, and/or has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy itsdiscriminatory conduct. These violations are ongoing.

31. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER FOR RELIEF**

PRO SE