UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NOAH J. MCCOURT, | Case No. 19-cv-1462 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MINNESOTA COUNTY ATTORNEY'S ASSOCIATION, | |
| Defendant. | |

In an order dated June 11, 2019, this Court noted three deficiencies with the documents submitted by plaintiff Noah J. McCourt in commencing this case. *See* ECF No. 3. First, the complaint submitted by McCourt did not appear to be signed, in violation of Rule 11(a) of the Federal Rules of Civil Procedure. Second, the application to proceed *in forma pauperis* ("IFP") submitted by McCourt also was not signed, again in violation of Rule 11(a) and, in the case of the IFP application, in violation of 28 U.S.C. § 1915(a)(1) as well. Third, McCourt's complaint — which claimed that the defendant's website violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. — failed to adequately allege the specific barriers to use presented by the website at issue and therefore did not adequately put the defendant on notice of the claims against it. McCourt was given 20 days to correct these deficiencies, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* ECF No. 3 (citing Fed. R. Civ. P. 41(b)).

1

The first problem — failure to sign the complaint — turns out to have been illusory. The version of McCourt's complaint originally docketed in this matter did not include a signature page, but a corrected version of the same document — docketed after the issuance of this Court's earlier order — reveals that the complaint was, in fact, signed by McCourt. *Compare* ECF No. 1 with ECF No. 1-2. Accordingly, McCourt's complaint was not submitted in violation of Rule 11(a).

The other two problems, however, remain. McCourt's IFP application was not signed, *see* ECF No. 2 at 1, and McCourt thus has not attested to the truthfulness of his application. McCourt cannot proceed IFP with an unsigned application, and he cannot proceed as a non-IFP litigant unless he pays the required filing fee in this matter. Further, the corrected version of the complaint later docketed in this matter, though containing more allegations than the original version of the complaint, still does not correct the problem at the heart of the matter. Although McCourt alleges that the defendant's website imposes barriers to use by disabled individuals, he does not adequately allege what those specific barriers are in this case, and thus the defendant cannot be expected to understand how it is being alleged to have fallen short of its obligations under the ADA.

That deadline for correcting these deficiencies has now passed, and McCourt has not submitted an amended, signed IFP application or an amended complaint. In fact, McCourt has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008)

(per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The application to proceed *in forma pauperis* of plaintiff Noah J. McCourt [ECF No. 2] be DENIED.

Date: August   7   , 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*McCourt v. Minnesota County Attorney's Association*
Case No. 19-cv-1462 (SRN/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).